UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

| In Re:<br><br>**JASON JOSUE LUGO,**<br><br>Debtor. | **Bankruptcy Case**<br>**No. 15-40121-JDP** |
|---|---|

_____

**MEMORANDUM OF DECISION**
_____

**Appearances:**

Paul Ross, Paul, Idaho, Attorney for Debtor.

Kathleen A. McCallister, Chapter 13 Trustee.

*Introduction*

The chapter 13[1] trustee, Kathleen A. McCallister ("Trustee"), objected to the homestead exemption claim of debtor Jason Josue Lugo ("Debtor"). Dkt. No. 20. Debtor opposed the objection. Dkt. No. 24. On April 27, 2015,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION – 1

the Court conducted a hearing, after which it directed the parties to file a stipulation setting forth the relevant facts. Dkt. No. 29. On May 15, 2015, the parties filed the stipulation, to which were attached pertinent documents. The Court has now considered the stipulated facts and the parties' submissions, and this Memorandum disposes of Trustee's objection. Fed. R. Bankr. P. 7052; 9014.

*Findings of Fact*[2]

Debtor and Lori Louise Lugo ("Lori")[3] were married in 1996. Dkt. No. 31 ¶ 4. On December 8, 2003, Debtor acquired the real property known as 220 North 840 East, Declo, Idaho (the "Property"), via a warranty deed. Dkt. No. 31-2. On March 16, 2004, Debtor conveyed the Property to himself and Lori by quitclaim deed. Dkt. No. 31-3. In 2004, Debtor and Lori had a home constructed on the built the Property, moved in, and resided there with their family. Dkt. No. 31 ¶ 7. Debtor resided at

---

[2] These facts come from the stipulation, Dkt. No. 31, and from the Court's docket.

[3] The Court uses first names for clarity; no disrespect is intended.

MEMORANDUM OF DECISION – 2

the Property until July 2012, at which time he left as the result of marital difficulties. Dkt. No. 31 ¶¶ 3, 8.

On September 12, 2013, Debtor and Lori were divorced.[4] Dkt. No. 31-1. At that time, the Property was subject to two mortgages: the first held by Bank of America; the second by Wells Fargo. Dkt. No. 31 ¶ 10; 31-1. Debtor and Lori also owed Debtor's father $40,000, which the family court ordered be recognized by executing a promissory note in his favor. *Id.* Lori was awarded the Property in the stipulated divorce decree, subject to the mortgages. The decree ordered her to refinance the mortgages within seven months, using the refinance proceeds to pay Debtor's father $20,000. Within the following year, Lori was directed to pay Debtor's father the remaining $20,000. Dkt. 31-1. If Lori was unable to refinance the mortgage debt, the Property was to be marketed and sold, and Debtor's and Lori's "secured and unsecured liabilities [were] to be paid from the net proceeds" according to a prescribed order. *Id*. No deadline for sale of

---

[4] While the difference is immaterial to the issues here, the divorce decree was dated and file-stamped September 12, 2013, while the stipulation of facts indicates it was entered on September 13, 2013. Dkt. Nos. 31 ¶ 9; 31-1.

MEMORANDUM OF DECISION – 3

the house was set in the decree. And pending the sale of the Property, Lori was responsible to make payments on the first mortgage, while Debtor was to make payments on the second. *Id*. ¶ 12; Dkt. No. 31-1. The divorce decree did not expressly grant Debtor any interest in the Property.

On February 17, 2015, Debtor recorded a Declaration of Homestead concerning the Property. Dkt. No. 31-4. That same day he filed a chapter 13 petition in which he claimed the Property exempt as his homestead in the amount of $49,401.93, pursuant to Idaho Code §§ 55-1001, 1002, and 1003. Dkt. No. 1. The amount of the claimed exemption represented his estimate of the equity in the Property.[5] Because Debtor claims he cannot afford to continue to pay the second mortgage payments on the Property, his plan proposes to sell it and pay the secured creditors, which include Bank of America, Wells Fargo, Debtor's father, the Idaho State Tax Commission, and the Minidoka Irrigation District. Any remaining

---

[5] In his schedules, Debtor valued the Property at $455,446, and listed amounts due on the liens on the Property as $405,644.07. Of course, this results in $49,802.93 in equity, rather than the $49,401.93 claimed as exempt by Debtor in his schedules. *See* Dkt. No. 1.

MEMORANDUM OF DECISION – 4

Case 15-40121-JDP    Doc 32    Filed 06/25/15    Entered 06/25/15 15:47:10    Desc Main
                    Document      Page 5 of 14

nonexempt proceeds will be paid to unsecured creditors. Dkt. No. 31 ¶ 18; Dkt. No. 3 ¶ 6.1.

Trustee objected to Debtor's claim of a homestead exemption in the Property, contending that he is not eligible to claim it. Debtor insists the exemption is valid.

*Conclusions of Law*

I.

When a bankruptcy petition is filed, a bankruptcy estate is created. It includes "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). However, while all of a debtor's property initially becomes property of his estate, § 522(b)(1) allows individual debtors to exempt property from the bankruptcy estate, and to thereby shield it from administration by the trustee. Under § 522(b)(2), a state may "opt out" of the exemption scheme provided in the Bankruptcy Code. If it opts out, debtors filing for bankruptcy relief in that state may claim only that property which would be exempt under state law. Idaho has opted out of the federal exemptions, Idaho Code § 11-609,

MEMORANDUM OF DECISION – 5

and thus Idaho's exemption laws control what property Debtor may exempt.

An Idaho debtor is permitted to claim an exemption of up to $100,000 in a qualifying homestead. Idaho Code §§ 55-1001, 55-1003; *In re Davis*, 12.1 IBCR 23, 24 (Bankr. D. Idaho 2012); *In re Field*, 05.1 I.B.C.R. 11, 13 (Bankr. D. Idaho 2005). Under Idaho law, a debtor may establish a homestead in two different ways. *See* Idaho Code § 55-1004.[6] The first occurs when an owner occupies property as a "principal residence," in which case, the property "automatically" is exempt up to the dollar

---

[6] Idaho Code § 55-1004 provides:

(1) Property . . . constitutes a homestead and is automatically protected by the exemption . . . from and after the time the property is occupied as a principal residence by the owner or, if the homestead is unimproved or improved land that is not yet occupied as a homestead, from and after the declaration or declarations required in this section are filed for record . . . .
(2) An owner who selects a homestead from unimproved or improved land that is not yet occupied as a homestead must execute a declaration of homestead and file the same for record in the office of the recorder of the county in which the land is located. However, if the owner also owns another parcel of property on which the owner presently resides or in which the owner claims a homestead, the owner must also execute a declaration of abandonment of homestead on that other property and file the same for record with the recorder of the county in which the land is located.

MEMORANDUM OF DECISION – 6

limitation in the statutes. Idaho Code § 55-1004(1). Alternatively, Idaho's statutes permit a debtor to establish and claim an exemption in property in which he or she is not currently residing by recording a "declaration of homestead." Idaho Code § 55-1004(1) - (2). Under this second approach, if the debtor also owns and occupies a different property as a residence, he or she must record a "declaration of abandonment of homestead" to essentially supplant the "principal residence" homestead which would automatically arise. Idaho Code § 55-1004(2); *In re Bailey*, 11.2 IBCR 62, 63 (Bankr. D. Idaho 2011).

As the objecting party, Trustee bears the burden of proving that Debtor's claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999); *In re Capps*, 10.4 IBCR 99, 100 (Bankr. D. Idaho. The validity of the claimed exemption is determined as of the date of filing of the bankruptcy petition. § 522(b)(3)(A); *Culver, L.L.C. v. Chiu (In re Chiu)*, 266 B.R. 743, 751 (9th Cir. BAP 2001); *In re Yackley*, 03.1 IBCR 84, 84 (Bankr. D. Idaho 2003). The homestead exemption statutes are to be liberally construed in favor of the

MEMORANDUM OF DECISION – 7

debtor. *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005) (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001); *In re Koopal*, 226 B.R. 888, 890 (Bankr. D. Idaho 1998)).

II.

In resolving the issues raised by Trustee's objection to Debtor's homestead exemption claim, it is helpful to consider the facts chronologically. Debtor established an automatic homestead on the Property when he moved into and occupied the Property with his family in 2004. However, under the statute, six months after Debtor vacated the Property in July 2012, his automatic homestead was presumed to have been abandoned. Idaho Code § 55-1006.[7] There is nothing in the stipulated facts to show that Debtor ever reestablished an automatic homestead in the Property, nor does he claim one. Therefore, to defend

---

[7] Idaho Code § 55-1006 provides: "A homestead is presumed abandoned if the owner vacates the property for a continuous period of at least six (6) months. However, if an owner is going to be absent from the homestead for more than six (6) months but does not intend to abandon the homestead, and has no other principal residence, the owner may execute and acknowledge . . . a declaration of nonabandonment of homestead . . . ." It is stipulated that Debtor did not file a declaration of nonabandonment. Dkt. No. 31, at ¶ 13.

MEMORANDUM OF DECISION – 8

his exemption claim, Debtor must rely on his recorded declaration.

Idaho law provides that, to be valid, a declaration of homestead must include the following information: a statement that the person making it is residing on the premises, or intends to reside thereon, and claims the premises as a homestead; a legal description of the premises; and an estimate of the actual cash value of the premises. Idaho Code § 55-1004(3). The declaration of homestead executed by Debtor contains each of these items. Trustee has not challenged the adequacy of either the legal description, nor does she contend the estimated actual cash value is incorrect. Instead, Trustee objects to Debtor's statement of his intent to reside at the Property under these facts. In particular, in the declaration, Debtor represents that "I reside, or intend to reside, and claim a homestead in the [Property]." Trustee contends that Debtor lacks any intention to actually reside on the Property. On this record, the Court agrees with Trustee.

While Debtor's declaration complies with the technical requirements

MEMORANDUM OF DECISION – 9

of the Idaho statute,[8] the Court's responsibility is not limited to merely checking off the items on a statutory list. Rather, when an interested party objects to the exemption claim, the Court must consider the quality of proof offered to support the declaration. *See In re Burke*, 96.1 IBCR 40, 41 (Bankr. D. Idaho 1996). Because the parties stipulated to the material facts, no live testimony was offered by Debtor during which he could have addressed questions regarding his intention to live at the Property. Without such testimony, the record consists solely of the facts as stipulated. An examination of that record leads to only one conclusion: after vacating the Property, and given the arrangements agreed to with Lori through the divorce, Debtor had and has no intention of residing at the Property.

Consider first the divorce decree: it awarded Lori sole possession of the Property. According to its terms, she was to either refinance the mortgage debt, or sell the Property and use the proceeds to pay the parties' debts. As envisioned in the stipulated decree, there was no

---

[8] The declaration appears to have been properly recorded.

MEMORANDUM OF DECISION – 10

scenario that contemplated Debtor resuming residency at the Property.

Fast-forwarding to the bankruptcy case, Debtor's intentions are unaltered. Debtor's chapter 13 plan proposes to sell the Property and pay the associated debt. In the event the Property does not sell as hoped in Debtor's proposed plan, or the sale does not satisfy all of the mortgage debt, the plan provides that "Debtor's interest [in the Property] shall be surrendered," the Property will be liquidated, and timely filed claims will be treated as unsecured. Dkt. No. 3 ¶ 6.1. Indeed, Debtor has indicated that he cannot afford to pay the mortgage payments associated with the Property. *See* Dkt. Nos. 24; 31.

Debtor contends that because proceeds from the sale of a homestead can be exempt, he is asserting the homestead exemption to preserve the exemption in the proceeds. But this argument misses the mark. Idaho Code § 55-1008(1) provides that the "proceeds from the voluntary sale of the homestead in good faith for the purpose of acquiring a new homestead . . . up to [$100,000], shall likewise be exempt for one (1) year from receipt, and also such new homestead acquired with such proceeds." The plain

MEMORANDUM OF DECISION – 11

language of this statute reveals the problems with Debtor's theory.

First, for the sale proceeds to be exempt, Debtor must have established a proper homestead exemption in the Property. As discussed above, Debtor presumptively abandoned his automatic homestead, and is unable to establish a new one in the Property via declaration because he did and does not intend to reside there. Thus, even if the Property is sold pursuant to the proposed plan, because the Property is not exempt as his homestead, the proceeds will not "continue" to be exempt.

Second, the Property sale proceeds would be exempt only to the extent they are retained to acquire a new homestead, and then, only for one year, after which the exemption lapses. *In re Marriott*, 10.2 IBCR 44, 47 (Bankr. D. Idaho 2010) (quoting *In re Cerchione*, 09.1 IBCR 5, 6 n.6 (Bankr. D. Idaho 2009)) ("[T]o retain their exempt status, a debtor 'must evidence an intent to use the proceeds to acquire a replacement homestead, or at least keep the funds identified and segregated in order that such a possibility has not been foreclosed.'"). The record contains nothing to show that Debtor intends to purchase a new homestead with any sale

MEMORANDUM OF DECISION – 12

proceeds remaining after his creditors are paid.  What is clear is that he is attempting to preserve the equity in the Property so that any proceeds will not be taken by Trustee and used to pay his unsecured creditors.  While the Court understands Debtor's predicament, and acknowledges its obligation to construe the exemption statutes in his favor, it cannot subvert the intent of the Legislature to accommodate Debtor's goals.

### *Conclusion*

Following Debtor's abandonment of his automatic homestead exemption on the Property, he was unable to reestablish a homestead via declaration because there is no evidence he ever intended to reside there. Instead, the evidence amply demonstrates that Debtor intended only to sell the Property, pay off the secured debts associated with it, and retain the equity.

///

///

Accordingly, Trustee's objection to Debtor's homestead exemption in the Property is sustained, and that exemption claim is disallowed.  A

MEMORANDUM OF DECISION – 13

separate order will be entered.

Dated: June 25, 2015

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge