Paul Ross
PO Box 483
Paul, ID  83347
T: (208) 219-7997
#8676
F: (208) 416-6996
paul@idbankruptcylaw.com
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In Re: | |
| **JASON JOSUE LUGO,** | Case No: 15-40121-JMM<br>Chapter 13 |
| Debtor. | |

OBJECTION TO TRUSTEE'S MOTION TO MODIFY

Debtor, through the undersigned attorney, files this objection to Trustee's Motion to Modify and states the following:

1. Trustee fails to cite any portion of §1329 which permits modification of the Debtor's Plan for the purposes listed in the Motion.

2. Trustee cites §1304(c) as the basic premise for the specifics of her request. §1304(a) expressly states that a "debtor that is self-employed and incurs trade credit in the production of income…is engaged in business."  Debtor does not qualify as "engaged in business" under this statute as he has a single owner services company not incurring any trade credit.  As such, §1304(c) is not applicable as it only applies to those "engaged in business."

3. Even if the Court were to impose a regular reporting regimen, §1304(c) references the duties of §704(a)(8).  That code section only requires "periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires."  Nothing in that section requires monthly reporting, and even then only a statement of receipts and disbursements.  Trustee seeks a burden far more excessive and onerous than that which could be required.  Further, only the United States trustee or the Court may ask for "such other information."

4. Debtor continues to operate his business as he always has, even before filing.  The initial court filing stems from a divorce, not the business.  Debtor does not employ an accountant, bookkeeper, or other professional to assist with daily operations.  The business is simple enough

he manages with bank statements and other related documents. He does not produce documents unless required to do so, which takes him from his business and work. Imposing the costs of hiring an accountant or bookkeeper for Trustee's pleasure should be paid by the estate or Debtor's plan payments need be reduced to compensate such a professional. Either way, such costs for bookkeeping, accounting, and legal fees injure creditors.

5. Trustee's Motion seems to imply she does not already receive JLugo, LLC's, yearly tax returns and supporting documents. JLugo's taxes have been provided every year since the case was filed, along with Debtor's personal tax returns. Debtor already has this duty imposed by Court order and has complied each year. Furthermore, Trustee has made a "§521" request in which hundreds of pages of statements and documents spanning years have been already provided. As such, she has obtained nearly everything on her list for 2016 through September 2018 by means not required in a Court order.

6. The only items she was not already provided by a "§521" request is profit and loss statements and the myriad receipts she is requesting. She has also sought those by propounding Discovery upon the Debtor in an attempt to be ever more intrusive into Debtor's life and business. Discovery only provides documents in Debtor's position, but this Motion seeks to impose a duty. Debtor does not produce those in regular conduct of business and will need to hire a professional to do so. Regarding the receipts and other documents, Debtor has offered to let her come and go through the documents at the business, but she has declined to do so. Instead, she would seek by court order that those documents be duplicated and provided to her, for which no valid purpose has been provided.

WHEREFORE, Debtor requests Trustee's Motion to Modify be denied as it is not provided for by statute, the purpose is improper, the Trustee already receives sufficient documents as requested, and if any such modification is put in place, leave is requested for the estate to hire a professional to be paid by the estate for these purposes.

DATED this 19 October 2018

       /s/ Paul Ross_____
       PAUL ROSS

2

Objection to Trustee's Motion to Modify

CERTIFICATE OF SERVICE

I hereby certify that on 19 October 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    U.S. Trustee, ECF
    Kathleen McCallister, ECF, Trustee
    Darwin Bingham, ECF, attorney for Utah First
    Robin Long, ECF, attorney for Trustee
    Benjamin Mann, ECF, attorney for Federal National Mortgage Association
    Jim Meservy, ECF, attorney for Lori Lugo
    Derrick O'Neill, ECF, attorney for Wells Fargo
    Holly Roark, ECF, attorney for Trustee
    Matt Shriver, ECF, attorney for Wells Fargo

I further certify that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via First Class mail, posted prepaid addressed as follows:

    NA

Via certified mail, return receipt requested, addressed as follows:

    NA

        /s/ Paul Ross_____
        PAUL ROSS